UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RUDOLPHO ANGLE, | No. C 07-250 SI |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER; et al., | |
| Defendants. | |

Although the docket sheet reflects considerable activity, very little progress toward resolution of this action has been made, primarily because of uncertainty as to whether plaintiff would be represented by a lawyer or represent himself. That uncertainty has ended because plaintiff recently informed the court that he will be representing himself. There is no good cause for this action to remain stalled; accordingly, the court will schedule certain deadlines later in this order.

A.  Plaintiff's Representation Problem And Related Delays

The action began on October 17, 2006, when the complaint for damages was filed in the Alameda County Superior Court. Defendants removed the action to federal court on January 16, 2007. A case management conference ("CMC") was set for April 27, 2007, but before it occurred, plaintiff's first attorney, Tim Pori, moved to withdraw as counsel. The CMC was continued to June 15, 2007, and then again to July 25, 2007, to accommodate plaintiff's father's efforts to retain counsel for plaintiff. At the July 25, 2007, CMC, attorney Cloutier reported that

he had decided not to represent the plaintiff, but that plaintiff's father might be retaining another attorney for plaintiff. The court set another CMC for September 12, 2007, to give plaintiff time to hire an attorney and cautioned that if plaintiff did not have an attorney by then, the action could go forward with him representing himself. On September 12, 2007, the court received a letter from plaintiff's father stating that he was trying to retain counsel to represent plaintiff and asked for a continuance of the action until plaintiff was released from prison – a release expected to occur on November 26, 2007. The court vacated the September 12, 2007, CMC.

Defendants have objected to continuing the case management conference. The law enforcement defendants object to plaintiff's father requesting a continuance because (1) he is not a party to this action, (2) he has not adequately explained why new counsel has not been retained to represent plaintiff in the 6+ months since plaintiff's first attorney moved to withdraw from the action, and (3) the CMC has been continued four times to accommodate the alleged hunt for counsel to represent plaintiff. The law enforcement defendants also point out that they complied with their initial Rule 26 disclosures while plaintiff did not do so, and that they have awaited the CMC so they could begin discovery from plaintiff, including subpoenaing records and deposing plaintiff. The law enforcement defendants request that the court note in its scheduling order that the parties are permitted to begin proceeding with discovery, including deposing plaintiff. The medical care defendants have joined the objection filed by the law enforcement defendants. The medical care defendants also have filed a motion for judgment on the pleadings.

To complicate matters further, plaintiff has written to the court two letters. In one letter, (docket # 57), plaintiff disavows his father's authority to speak for or represent him – "I have not given him permission to represent me or make any decisions for me as I am well capable of handling the case on my own" – and asks for a continuance until his expected release date on November 26, 2007. In the other letter (docket # 56), plaintiff announces that he is ready to represent himself in this action but doesn't have the "proper paperwork" to respond to the legal documents he has received from the defendants. He requests that the "proper paperwork" be sent to him so that he can represent himself. (The short answer to the request for "proper paperwork" is that the court does not provide forms or "paperwork" to assist pro se litigants or those

2

represented by counsel.)

Upon due consideration of the foregoing, the court determines that the resolution of this action should not be further delayed to accommodate efforts to find counsel for plaintiff. Plaintiff is the only person authorized to speak on his own behalf and to prosecute this action, and he has indicated that he wants to represent himself.[1] Plaintiff therefore is now proceeding pro se. It may be more difficult for plaintiff to prosecute this action while incarcerated than it would be if he was not incarcerated, but incarceration alone does not require the action be stayed. Prisoner-plaintiffs regularly litigate from the confines of prisons and defendants are entitled to have the action resolved rather than looming indefinitely. The court will set a middle course and allow plaintiff to be deposed while he is still in prison but will set the briefing schedule on the pending motion to allow him time to prepare his opposition after his release from prison. If plaintiff is not released from prison as expected, he must still comply with the briefing schedule on the motion.

B.  Scheduling Order

1.  Defendants may depose plaintiff at any time after **October 17, 2007**. Leave is granted for defendants to conduct the deposition of plaintiff while he is in prison. See Fed. R. Civ. P. 30(a)(2). If they choose to wait until plaintiff is released from prison to depose him, the deposition may not be held no sooner than five days after his release from prison.

2.  The parties may commence all discovery immediately, except as limited in the preceding paragraph.

3.  The briefing schedule for the health care defendants' pending motion for judgment on the pleadings is as follows:

---

[1] Regardless of his motives, plaintiff's father has no authority to speak on plaintiff's behalf or make decisions concerning the prosecution of this action: the action is brought in plaintiff's name and there is no indication that his father is authorized to act as his guardian.

3

      a.    Plaintiff must file and serve on defense counsel his opposition to the motion for judgment on the pleadings no later than **December 14, 2007**.

      b.    Defendants must file and serve their reply brief, if any, no later than **December 28, 2007**. The motion will be deemed submitted on the papers and no hearing will be held.

4.    A case management conference will be held at 4:00 p.m. on **January 23, 2008,** in courtroom 10 on the nineteenth floor of the U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Dated: September 24, 2007

                              SUSAN ILLSTON
                              United States District Judge