UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RUDOLPHO ANGLE, | No. C 07-250 SI |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER; et al., | |
| Defendants. | |

A case management conference set for January 23, 2008, was continued because defendants had not arranged to have plaintiff (who is confined at Atascadero State Hospital as a mentally disordered offender) available by telephone for the conference. The case management conference will be held at **3:30 p.m.** on **February 26, 2008**. All parties (or their counsel) shall appear by telephone. Defense counsel Rasmussen shall initiate the conference call and be responsible for having plaintiff connected into the conference call before contacting the court.

Defendants Alameda County and Alameda County law enforcement officers have filed a motion to compel San Quentin State Prison/CDCR to comply with a records subpoena for records pertaining to plaintiff. The briefing schedule for that motion to compel was previously set in the court's January 8, 2008 scheduling order: Any opposition to the motion to compel by plaintiff or San Quentin/CDCR must be filed and served on defense counsel no later than **February 1, 2008**. Defendants' reply brief (if any) in support of the motion to compel must be filed and served no later than **February 15, 2008**.

United States District Court
For the Northern District of California

Plaintiff sent to the court a letter dated January 10, 2008, in which he stated that he was on new medication and requested an extension of time to file an opposition to the motion for judgment on the pleadings filed by defendants Alameda County Medical Center and Mohammed Hyderi, M.D. The court GRANTS the request and will permit a limited extension of time. Plaintiff must file and serve on defense counsel his opposition to the motion for judgment on the pleadings no later than **February 1, 2008**. <u>No further extensions of this deadline will be permitted</u>, as the motion will have been pending for more than six months by the time that extended deadline arrives. Defendants must file and serve their reply brief (if any) no later than **February 11, 2008**.

At the case management conference, the parties should be prepared to discuss the initial disclosure requirement in Rule 26 of the Federal Rules of Civil Procedure. Defendants reported in their case management conference statement that plaintiff had not made the initial disclosures and it is not clear whether defendants have made their initial disclosures. This case is in an unusual posture vis-a-vis the initial disclosure requirement because plaintiff once was represented by counsel but now is not. A case filed by <u>pro se</u> prisoner is exempt from the initial disclosure requirements of Rule 26(a), the scheduling and planning provisions of Rule 16(b), and the provision of the local rules regarding case management conferences. See Fed. R. Civ. P. 16(b), 26(a)(1)(E)(iv); N. D. Cal. Civ. L.R. 16-2(a). Usually, the court's initial review order under 28 U.S.C. § 1915A authorizes discovery and sets a schedule for dispositive motions, and serves as the case management order in a <u>pro se</u> prisoner case, <u>see</u> Civ. L.R. 16-7, but an initial review was not done in this case because it was removed from state court after defendants had been served with process. The parties should be prepared to discuss at the case management conference whether this case should be exempted from the initial disclosure requirements of Rule 26(a) and should be prepared to discuss a schedule for discovery. Defense counsel Rasmussen shall mail a copy of Federal Rule of Civil Procedure 26 to plaintiff no later than **February 1, 2008** so that plaintiff has a copy available to him for use at the case management conference.

At the case management conference, the parties also should be prepared to discuss the status of plaintiff's deposition. Before the case management conference, defense counsel Rasmussen should have a date set for the deposition of plaintiff and should contact the authorities at Atascadero State Hospital to make the necessary arrangements for plaintiff's deposition. Defense counsel also should inquire of hospital authorities as to whether and what physical restraints (e.g., handcuffs) will be placed on plaintiff during the deposition.

IT IS SO ORDERED.

Dated: January 24, 2008

_____
SUSAN ILLSTON
United States District Judge