UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RUDOLPHO ANGLE, | No. C 07-250 SI |
| Plaintiff, | **ORDER COMPELLING PRODUCTION OF DOCUMENTS BY PRISON** |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER; et al., | |
| Defendants. | |

Defendants Alameda County and Alameda County law enforcement officers have filed a motion to compel San Quentin State Prison/California Department of Corrections & Rehabilitation ("San Quentin/CDCR") to comply with a records subpoena dated September 26, 2007, for records pertaining to plaintiff. San Quentin/CDCR filed a statement of non-opposition to the motion to compel. Plaintiff did not file an opposition to the motion to compel, but earlier had objected to the release of such documents on the ground that he was under duress when he signed the release for the prison to release those documents. See Angle letter dated Oct. 21, 2007 (docket # 62). Plaintiff also had moved to quash the subpoena under Federal Rule of Civil Procedure 45(c)(3)(B)(ii) in his filing dated October 11, 2007 (but did not attach a copy of the subpoena for the court's review.) See Angle filing dated October 19, 2007 (docket # 61).

The subpoena seeks production of mental health and medical records, incident reports, administrative segregation records, and other documents San Quentin/CDCR possesses concerning plaintiff who was a prisoner there on one or more occasions.

Plaintiff's complaint puts at issue his mental and physical health, as well as his behavioral problems in custody. In a nutshell, his complaint alleges claims based on two basic events. First, he claims he did not receive adequate psychiatric care when he was taken to the John George Psychiatric Pavilion following his arrest for assaulting two women in Oakland on October 17, 2005. He asserts that some defendants failed to keep him at the facility and failed to treat him – both decisions being motivated by improper financial incentives. Second, plaintiff claims that he was subjected to excessive force by other defendants (deputies) who beat him up on October 21, 2005, when he became agitated after not receiving medication and spit on one of them at the county jail. Plaintiff seeks damages for physical and mental injuries caused by defendants' acts and omissions. In light of the nature of the claims, the documents requested in the subpoena are clearly within the proper scope of discovery. See Fed. R. Civ. P. 26(b)(1).

Plaintiff cites Rule 45(c)(3)(B)(ii) as a reason to quash the subpoena. Rule 45(c)(3)(B)(ii) provides that, "[t]o protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." The rule does not apply here because there is no unretained expert. Plaintiff takes the phrase "information that does not describe specific occurrences in dispute" out of context and ignores the limitation that such information must be that of an unretained expert. Plaintiff's objection is overruled and his motion to quash is DENIED. (Docket # 61.) Plaintiff's other objection, that he signed the release under duress, does not preclude the release of the documents, as he has not offered a legitimate reason why the documents should not be released.

Upon due consideration, the County defendants' motion compelling non-party San Quentin State Prison/CDCR to comply with the County's records subpoena is GRANTED.[1] (Docket # 65.)

---

[1] Defense counsel is cautioned that he must comply with Local Rule 3-17(a)(1) in the future regarding partial redaction of social security numbers.

San Quentin State Prison/CDCR must produce to the County defendants the records and documents requested in the County Defendants' subpoena on or before **February 22, 2008**.

In addition to serving it on the parties to this action, the clerk shall send a copy of this order to San Quentin/CDCR's attorney for the discovery dispute: Scott M. Hutchison, Simas & Hutchison, Ltd., 1215 K Street, 17th Floor, Sacramento, CA 95814.

IT IS SO ORDERED.

Dated: February 11, 2008

_____
SUSAN ILLSTON
United States District Judge