UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RUDOLPHO ANGLE, | No. C 07-250 SI |
| Plaintiff, | **SCHEDULING ORDER FOR DISPOSITIVE MOTIONS** |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER; et al., | |
| Defendants. | |

This order confirms a briefing schedule for dispositive motions set at the case management conference on February 26, 2008, provides a required notice about summary judgment for the unrepresented plaintiff, and reminds the parties of some basic procedural requirements.

1. The following briefing schedule for dispositive motions is set:

   a. No later than **July 11, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **August 15, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 5, 2008**. Upon the filing of the reply, or the passing of that deadline for a reply, the matter will be deemed submitted on the papers.

      2.     If plaintiff wants to file a motion for summary judgment, the parties must adhere to the same schedule, i.e., plaintiff's motion is due on July 11, 2008, defendants' reply is due August 15, 2008, and plaintiff's reply is due on September 5, 2008.

      3.     All communications by plaintiff with the court (including letters) must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent.

      4.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court and defense counsel informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February 28, 2008

                                                                SUSAN ILLSTON
                                                                United States District Judge