UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RUDOLPHO ANGLE, | No. C 07-250 SI |
| Plaintiff, | **ORDER** |
| v. | |
| ALAMEDA COUNTY MEDICAL CENTER; et al., | |
| Defendants. / | |

Plaintiff filed a motion for initial disclosure and discovery. Defendants reported in response to the motion that they already made their initial disclosure under Federal Rule of Civil Procedure 26(a)(1) in June 2007. Plaintiff did not dispute that assertion or otherwise reply to defendants' response. Defendants will not be ordered to repeat their initial disclosure. To the extent plaintiff wants other discovery, he must comply with the Federal Rules of Civil Procedure. The court does not conduct discovery on behalf of litigants and court permission is not required for plaintiff to conduct his own discovery. Therefore, the motion for initial disclosure and discovery is DENIED. (Docket # 90.)

The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even

1  consider asking the court to intervene in the discovery process. The court does not have enough
2  time or resources to oversee all discovery, and therefore requires that the parties present to it
3  only their very specific disagreements. To promote the goal of addressing only very specific
4  disagreements (rather than becoming an overseer of all discovery), the court requires that the
5  parties meet and confer to try to resolve their disagreements before seeking court intervention.
6  See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is
7  a prisoner, the court does not require in-person meetings and instead allows the prisoner and
8  defense counsel to meet and confer by telephone or exchange of letters. Although the format
9  of the meet-and-confer process changes, the substance of the rule remains the same: the parties
10 must engage in a good faith effort to meet and confer before seeking court intervention in any
11 discovery dispute.

    IT IS SO ORDERED.

Dated: May 7, 2008

_____
SUSAN ILLSTON
United States District Judge